**LEILA W. MORGAN**
Federal Defenders of San Diego, Inc.
California State Bar No. 254945
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail:Leila_Morgan@fd.org

Attorneys for Mr. Andrada-Ocaranza

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSE ALBERTO ANDRADA-OCARANZA, ) <br> ) <br> Defendant. ) <br> ) | CASE NO. 08CR2333-H <br><br> DATE: September 2, 2008 <br> TIME: 1:30 P.M. <br><br> NOTICE OF MOTIONS AND MOTIONS TO: <br><br> (1) COMPEL DISCOVERY; <br> (2) PRESERVE EVIDENCE; AND <br> (3) GRANT LEAVE TO FILE FURTHER <u>MOTIONS</u> |

TO:   KAREN HEWITT, UNITED STATES ATTORNEY, AND
      CAROLINE HAN, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on September 2, at 2:00 p.m., or as soon thereafter as counsel may be heard, Jose Andrade-Ocaranza, by and through his attorneys, Leila W. Morgan, and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

//

//

//

//

**<u>MOTIONS</u>**

08cr2333-H

1  Jose Andrade-Ocaranza, by and through his attorneys, Leila W. Morgan and Federal Defenders of
2  San Diego Inc., asks this Court pursuant to the United States Constitution, the Federal Rules of Criminal
3  Procedure, and all other applicable statutes, case law, and local rules for an order to:

(1) Compel Discovery;
(2) Preserve Evidence; and
(3) Grant Leave to File Further Motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, the files and records in the above-captioned matter, and any and all other materials that may come to this Court's attention prior to or during the hearing of these motions.

Respectfully submitted,

Dated: August 27, 2008

*s/ Leila W. Morgan*
**LEILA W. MORGAN**
Federal Defenders of San Diego, Inc.
Attorney for Mr. Andrade

LEILA W. MORGAN
Federal Defenders of San Diego, Inc.
California State Bar No. 232874
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: Leila_Morgan@fd.org

Attorneys for Mr. Andrade

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE MARILYN L. HUFF)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 08CR2333-H |
| Plaintiff, | DATE: September 2, 2008<br>TIME: 2:00 P.M. |
| v. | |
| JOSE ALBERTO ANDRADE-OCARANZA, | MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>MR. ANDRADE'S MOTIONS |
| Defendant. | |

**STATEMENT OF FACTS**[1]

On July 7, 2008, Jose Alberto Andrade-Ocaranza (hereinafter "Mr. Andrade") entered the United States from Mexico, via the Calexico, California West Port of Entry. Mr. Andrade was the registered owner and sole occupant of a 1990 Dodge Ram Charger. When Mr. Andrade arrived at the primary inspection late, he was questioned by Customs and Border Protections Officer Hunt. Mr. Andrade made a negative declaration and was referred to secondary inspection. At secondary inspection, Mr. Andrade again gave a negative customs declaration and stated that he owned the vehicle for two years. During secondary inspection the vehicle was screened by a narcotics detector dog, which alerted to the vehicle.

---

[1] Unless otherwise stated, the "facts" referenced in these papers come from government-produced discovery that the defense continues to investigate. Mr. Andrade does not admit the accuracy of this information and reserves the right to challenge it at any time.

1   Upon further inspection of the vehicle sixteen packages containing a white crystalline substance that
2   field tested positive for methamphetamine were discovered in the front differential and transfer case of the
3   vehicle. Mr. Andrade was placed under arrested, and advised of his Constitutional rights. Mr. Andrade then
4   made incriminating statements regarding his involvement in the offense.

5   On July 15, 2008, an indictment was filed charging Mr. Andrade with knowingly and intentionally
6   importing more than 500 grams of methamphetamine, in violation of Title 21 U.S.C. § 952 and 960; and
7   possession of methamphetamine with the intent to distribute in violation of Title 21 U.S.C. § 841(a)(1).

8   These motions follow.

## I.

## MOTION TO COMPEL DISCOVERY

Mr. Andrade moves for the production by the government of the following discovery. This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any government agency. See generally Kyles v. Whitley, 514 U.S. 419 (1995); United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory Committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defense also specifically requests that all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning, if such reports have not already been produced in their entirety, be turned over to him. This

1  request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in
2  which statements of the defendant or any other discoverable material is contained. This is all discoverable
3  under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). See also Loux v.
4  United States, 389 F.2d 911 (9th Cir. 1968). Arrest reports, investigator's notes, memos from arresting
5  officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant are available
6  under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i). Preservation of rough notes
7  is requested, whether or not the government deems them discoverable.

8  (3) Brady Material. Mr. Andrade requests all documents, statements, agents' reports, and tangible
9  evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the
10 government's case. Impeachment as well as exculpatory evidence falls within Brady's definition of evidence
11 favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S.
12 97 (1976).

13 (4) Any Information That May result in a Lower Sentence Under The Guidelines. As discussed
14 above, this information is discoverable under Brady v. Maryland, 373 U.S. 83 (1963). This request includes
15 any cooperation or attempted cooperation by the defendant, as well as any information that could affect any
16 base offense level or specific offense characteristic under Chapter Two of the Guidelines. Also included
17 in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's
18 criminal history, or any other application of the Guidelines.

19 (5) The Defendant's Prior Record. Evidence of prior record is available under Fed. R. Crim. P.
20 16(a)(1)(B). Counsel specifically requests a complete copy of any criminal record.

21 (6) Any Proposed 404(b) Evidence. Evidence of prior similar acts is discoverable under Fed. R.
22 Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, under Fed. R. Evid. 404(b), "upon
23 request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the
24 general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial.
25 The defendant requests that such notice be given three weeks before trial in order to give the defense time
26 to adequately investigate and prepare for trial.

27 (7) Evidence Seized. Evidence seized as a result of any search, either warrantless or with a warrant,
28 is discoverable under Fed. R. Crim. P. 16(a)(1)(C).

1    (8) <u>Tangible Objects</u>.  The defense requests, under Fed. R. Crim. P. 16(a)(1)(C) the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, photographs of buildings or places or copies of portions thereof which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant.

    (9) <u>Evidence of Bias or Motive to Lie</u>.  The defense requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988).

    (10) <u>Impeachment evidence</u>.  Mr. Andrade requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under <u>Brady v. Maryland</u>, <u>supra</u>.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility).

    (11) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defense requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir. 1985).

    (12) <u>Evidence Affecting Perception, Recollection, Ability to Communicate</u>.  Mr. Andrade requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.  <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980).

    (13) <u>Witness Addresses</u>.  The defense requests the name and last known address of each prospective government witness.  <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979)) (defense has equal right to talk to witnesses).  The defendant also requests the name and last known address of every witness to the crime or crimes charged

1  (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness.
2  United States v. Cadet, 727 F.2d 1453 (9th Cir. 1984).

3     (14) Name of Witnesses Favorable to the Defendant. Mr. Andrade requests the name of any witness
4  who made any arguably favorable statement concerning the defendant or who could not identify him or who
5  was unsure of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th
6  Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168
7  (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert.
8  denied, 444 U.S. 1086 (1980).

9     (15) Statements Relevant to the Defense. Mr. Andrade requests disclosure of any statement that may
10 be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d
11 1105 (9th Cir. 1982). This would include Grand Jury transcripts which are relevant to the defense motion
12 to dismiss the indictment.

13    (16) Jencks Act Material. The defense requests all material to which Mr. Andrade is entitled
14 pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch tapes. A
15 verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is
16 sufficient for the report or notes to qualify as a statement under § 3500(e)(1). Campbell v. United States,
17 373 U.S. 487, 490-92 (1963).

18    (17) Giglio Information. Pursuant to Giglio v. United States, 405 U.S. 150 (1972), the defendant
19 requests all statements and/or promises, expressed or implied, made to any government witnesses, in
20 exchange for their testimony in this case, and all other information which could arguably be used for the
21 impeachment of any government witnesses.

22    (18) Reports of Scientific Tests or Examinations. Pursuant to Fed. R. Crim. P. 16(a)(1)(D), the
23 defendant requests the reports of all tests and examinations conducted upon the evidence in this case.
24 Including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within
25 the possession, custody, or control of the government, the existence of which is known, or by the exercise
26 of due diligence may become known, to the attorney for the government, and which are material to the
27 preparation of the defense or are intended for use by the government as evidence in chief at the trial.
28

1    (19) <u>Henthorn Material</u>. The defense requests that the prosecutor review the personnel files of the officers involved in his arrests, and those who will testify, and produce to him any exculpatory information at least two weeks prior to trial and one week prior to the motion hearing. See <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). In addition, he requests that if the government is uncertain whether certain information is to be turned over pursuant to this request, that it produce such information to the Court in advance of the trial and the motion hearing for an <u>in</u> <u>camera</u> inspection.

(20) <u>Informants and Cooperating Witnesses</u>. Mr. Andrade requests disclosure of the names and addresses of all informants or cooperating witnesses used or to be used in this case. The government must disclose the informant's identity and location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 61-62 (1957). Mrs. Pozo-Campillo also requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>, 405 U.S. 150 (1972). Such information would include inducements, favors, payments, or threats made to the witness to secure cooperation with the authorities.

(21) <u>Expert Witnesses</u>. The defendant requests disclosure of any expert witnesses the government intends to call at trial and "a written summary of testimony that the government intends to use," including the "witnesses' opinions, the bases and the reasons for those opinions" and his or her qualifications. Fed. R. Crim. P. 16(a)(1)(E).

(22) <u>Residual Request</u>. The defense intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Andrade requests that the government provide him and his attorney with the above requested material sufficiently in advance of trial.

## II.

## MOTION TO PRESERVE AND INSPECT EVIDENCE

Mr. Andrade requests the preservation of all physical evidence in this case. This includes any evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government (or its private contractors) in this case. See <u>United States v. Riley</u>, 189 F.3d 802, 806-808 (9th Cir.1999). This request includes, but is not limited to: (1) the alleged contraband involved in the case,

including all samples used to conduct all tests; (2) the containers or packaging within which the contraband was discovered; (3) the results of any fingerprint analysis; (4) the defendant's personal effects; (5) any videotapes/audiotapes capturing Mr. Andrade in this matter; (6) recorded communications made by the government related to the above captioned case, e.g., radio communications post port inspection and pre-stop; (7) any evidence seized from the defendant or any third party; (8) the rough notes of the agents involved in the above captioned case; and (9) the vehicle driven by Mr. Andrade.  Mr. Andrade requests that government counsel be ordered to notify the agencies and private contractors with custody of such evidence be informed of the Court's preservation order.

Further, Mr. Andrade requests an order granting defense counsel and/or their investigators access to the alleged contraband and other evidence for the purposes of investigation, including inspection, photographing, and re-weighing of the alleged contraband if necessary.  Fed. R. Crim. P. 16(a)(1)(C).  A proposed Order will be provided for the convenience of the Court.

Mr. Andrade requests that the alleged contraband be preserved until inspection and weighing by the defense is complete and that the remainder of the evidence in the case be preserved throughout the pendency of the case, including any appeals.

### III.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

To date, Mr. Andrade and defense counsel have received limited discovery from the government.  It is anticipated that as new information comes to light, the defense will likely find it necessary to file further motions.  Therefore, it is requested that defense counsel be allowed the opportunity to file further motions based upon information gained through the discovery process.

### IV.

### CONCLUSION

For the reasons stated above, Mr. Andrade moves this Court to grant his motions.

Respectfully submitted,

Dated: August 27, 2008

/s/ Leila W. Morgan
**LEILA W. MORGAN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Andrade

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 08CR2333-H |
| | ) | |
| | ) | CERTIFICATE OF SERVICE |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| **JOSE ANDRADE-OCARANZA**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

     Counsel for Defendant certifies that the foregoing motion, is true and accurate to the best of her information and belief, and that a copy of the foregoing has been electronically served this day upon:

        Caroline Han
        Assistant United States Attorney
        880 Front Street
        San Diego, CA 92101

Dated: August 27, 2008

s/ *Leila W. Morgan*
**LEILA W. MORGAN**
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467 (tel); (619) 687-2666 (fax)
E-mail: Leila_Morganl@fd.org